UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAYSIDE SOLUTIONS, INC.,<br>　　　　Plaintiff,<br>　　v.<br>ANTONIO AVILA, et al.,<br>　　　　Defendants. | Case No. 21-cv-08738-PJH<br><br>**ORDER RE PLAINTIFF'S MOTION FOR ENTRY OF A PROTECTIVE ORDER**<br><br>Re: Dkt. No. 37 |

　　　　Before the court is plaintiff's motion for entry of a protective order. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court GRANTS plaintiff's motion for entry of a protective order.

## BACKGROUND

　　　　Plaintiff Bayside Solutions, Inc. filed this action against Antonio Avila, Armando Avila, and RecruitGigs (collectively, "defendants"). Dkt. 1. Plaintiff raises eight causes of action against defendants including misappropriation of trade secrets under the Defend Trade Secrets Act (18 U.S.C. §§ 1836, et seq.) and under California's Uniform Trade Secrets Act (Cal. Civ. Code §§ 3426, et seq.).

　　　　Plaintiff filed its complaint on November 11, 2021, and its amended complaint on April 11, 2022. Dkt. 1; Dkt. 33. On July 21, 2022, plaintiff moved for entry of a protective order. Dkt. 37. On the same day, the parties filed a stipulation for an abbreviated briefing schedule, citing the need to conduct discovery before their September 2022 settlement conference. Dkt. 38. On July 22, 2022, the court approved of the abbreviated

1  schedule and ordered the case submitted on August 2, 2022.  Dkt. 39.

## DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G).

### B.  Analysis

The parties agree that the Northern District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets is instructive.  Indeed, plaintiff asks the court to enter a proposed protective order that is nearly identical to the district's model protective order.  "The Northern District's model protective order is presumptively reasonable."  ESC-Toy Ltd. v. Sony Interactive Ent. LLC, No. 21CV00778EMCDMR, 2022 WL 1714627, at *2 (N.D. Cal. May 27, 2022) (internal quotation marks omitted); Cisco Sys., Inc. v. Chung, No. 19-CV-07562-PJH, 2020 WL 4505509, at *15 (N.D. Cal. Aug. 5, 2020) (same).  Still, defendants take issue with the proposed model order's language permitting the designation of materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO").

"As a general rule, the public is permitted access to litigation documents and information produced during discovery."  In re Roman Cath. Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (internal quotation marks omitted).  A party seeking to protect documents from the public must demonstrate good cause exists.  See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003).  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."  Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002).

However, at this juncture, when no document has been submitted in conjunction with a public filing, the question is simply whether plaintiff should be able to designate documents containing its trade secrets as AEO. Plaintiff has demonstrated that the disclosure of its trade secrets and confidential business information to defendants could result in competitive harm. The law gives a court "broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." Id. at 1211. Plaintiff anticipates the need to disclose financial information, customer names, employee lists, business proposals, and business pitches. Dkt. 37 at 5; Dkt. 41 at 2. Courts have found the disclosure of such information may result in competitive harm. See In re Electronic Arts, 298 Fed. Appx. 568, 569 (9th Cir. 2008); In re Google Location Hist. Litig., No. 5:18-cv-05062-EJD, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021).

While plaintiff has not yet designated any materials as AEO, pursuant to the protective order, "[a]ny Party or Non-Party may challenge a designation of confidentiality at any time." Dkt. 41-2 at 7. As such, the protective order will not prejudice defendants.

## CONCLUSION

The court GRANTS plaintiff's motion for entry of its proposed protective order which should be filed as a standalone document.

**IT IS SO ORDERED.**

Dated: August 9, 2022

       /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge