UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAYSIDE SOLUTIONS, INC., <br> Plaintiff, <br> v. <br> ANTONIO AVILA, et al., <br> Defendants. | Case No. 21-cv-08738-PJH <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 50 |

Before the court is a joint discovery letter brief summarizing some existing discovery disputes between the parties. Having read the parties' submission and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

## BACKGROUND

This is a trade secret dispute in which plaintiff Bayside Solutions, Inc., alleges that its former employee, Antonio Avila, stole Bayside's valuable trade secret information from Bayside to the benefit of RecruitGigs, the company of Antonio's brother, Armando Avila.

Because the litigants are direct competitors, the parties have resisted unnecessary or broad disclosure of valuable client information. The court addressed this circumstance earlier in the case, when defendants objected to use of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") designation under the court's standard protective order. See Dkt. 40. The court entered the district's standard protective order in this case, setting forth boundaries for disclosure and maintenance of non-public materials as well as a method for resolving disputes regarding the proper designation of confidential

1    materials.  Dkt. 43.

2          In the instant discovery letter brief, plaintiff complains of defendant's failure to
3    provide timely or complete responses to requests for production and interrogatories.
4    Defendant responds that plaintiff's discovery requests are overbroad, disproportionate to
5    the needs of the case, and designed to obtain defendant's own trade secret information,
6    which is irrelevant to plaintiff's claims.  Both parties accuse the other of unnecessary
7    delay in propounding or responding to discovery requests.

**DISCUSSION**

**A.    Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides a broad definition of relevance for purposes of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  "Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." Id.  The party resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

**B.    Analysis**

Here, the court finds that both sides deserve some blame for the current stalemate.  Defendants have improperly withheld discovery responses when the protective order provides the necessary protections for the responses and documents they deem sensitive.  And plaintiff has overreached, demanding discovery disproportionate to the demands of the dispute.

The scope of discovery is necessarily broad.  Plaintiff is entitled to discovery of non-privileged materials.  This includes information regarding defendant's business practices, hiring, revenues, and ownership.  Defendant's resistance to production and

responses based on trade secret confidentiality is not well taken in light of the protective order. The protective order is in place for exactly this purpose: to facilitate the exchange of discovery without public disclosure and even to limit access to the materials by the litigants themselves. If production or responses to plaintiff's requests implicate confidential, non-privileged material, there exists a straightforward procedure for designating such material as confidential or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Dkt. 40. The burden then shifts to the other side to challenge the designation to make it public. Defendant's reluctance to produce responsive material is thus unsupportable.

On the other hand, plaintiff's discovery demands appear disproportionate to the needs of the case. Defendant describes some of the discovery demands as follows: request for production number 30 seeks "All DOCUMENTS RELATING TO all YOUR customers and potential customers," request for production number 34 seeks "DOCUMENTS sufficient to show all YOUR customers and potential customers, and YOUR revenue, profits, and costs or estimated revenue, profits, and costs, for each," and special interrogatory number 9 asks for "Identify and describe, in detail, any and all estimates or projections RELATING TO YOUR profits, revenues, and costs for the next 10 years." Dkt. 50 at 5. Plaintiff is not entitled to the entirety of defendant's business records and its projections of future business, including revenues and costs.

Accordingly, plaintiff must re-issue its discovery requests and temporally limit them to the relevant period of Antonio Avila's employment with Bayside to present. Plaintiff must also limit its discovery requests to seek information regarding customers on its own previous and current customer lists. Both sides' client information may be designated confidential or AEO pursuant to the protective order to facilitate the exchange. Defendants must respond within 28 days of receipt of the discovery requests, providing either (1) complete responses to specific requests, (2) deadlines by which plaintiff should expect to receive the complete responses to specific requests, or (3) partial responses with specific (not boilerplate) objections and explanations as to why the responses are

incomplete. Upon completion of discovery related to customers on plaintiff's own customer lists, plaintiff may then pursue additional discovery following review of the first round of discovery obtained.

**IT IS SO ORDERED.**

Dated: January 31, 2023

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge