UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAYSIDE SOLUTIONS, INC.,<br>　　　　Plaintiff,<br>　　v.<br>ANTONIO AVILA, et al.,<br>　　　　Defendants. | Case No. 21-cv-08738-PJH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 59 |

Before the court is a joint discovery letter brief summarizing certain discovery disputes between the parties. Having read the parties' submission and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

This is a trade secret dispute in which plaintiff Bayside Solutions, Inc., alleges that its former employee, Antonio Avila, stole Bayside's valuable trade secret information for the benefit of defendant RecruitGigs, the company of Antonio's brother, Armando Avila. The alleged trade secrets are primarily customer lists, marketing materials, contacts at potential customers, and related information.

Because the litigants are direct competitors, the parties have resisted unnecessary or broad disclosure of valuable client information. The court entered the district's standard protective order in this case, setting forth boundaries for disclosure and maintenance of non-public materials as well as a method for resolving disputes regarding the proper designation of confidential materials. Dkt. 43.

On January 27, 2023, the parties filed a discovery letter brief. Dkt. 50. Plaintiff complained that defendant failed to provide timely or complete responses to discovery requests. Defendant responded that plaintiff's discovery requests were overbroad, disproportionate to the needs of the case, and designed to obtain defendant's own trade secret information. Each party accused the other of unnecessary delay.

On January 31, 2023, the court issued a discovery order, finding that both sides deserved some blame for the stalemate. Dkt. 51. Defendants improperly withheld discovery responses, and plaintiff overreached by demanding discovery disproportionate to the demands of the dispute. Id. at 2. Defendant was improperly withholding documents based on confidentiality, even though the protective order resolved those concerns. Plaintiff overreached by seeking "the entirety of defendant's business records and its projections of future business, including revenues and costs." Id. at 3. The court ruled that "[a]ccordingly, plaintiff must re-issue its discovery requests and temporally limit them to the relevant period of Antonio Avila's employment with Bayside to present. Plaintiff must also limit its discovery requests to seek information regarding customers on its own previous and current customer lists. . . . Upon completion of discovery related to customers on plaintiff's own customer lists, plaintiff may then pursue additional discovery following review of the first round of discovery obtained." Id. at 3–4.

On February 28, 2023, Bayside served re-issued discovery requests on RecruitGigs by email. RecruitGigs' counsel claim they never saw the email (they blame the spam filter), but as soon as counsel were made aware of the reissued requests they began preparing responses. Defendant responded 17 days late and objected where plaintiff's requests were not limited to plaintiff's own customer lists.

On April 24, 2023, the parties filed the present joint discovery dispute letter. On May 16, 2023, the parties filed a joint stipulation and order proposing modifications to the case schedule, including extending fact discovery into July 2023. Dkt. 60.

**A.   Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides a broad definition of relevance

for purposes of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." Id. The party resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

Prior to moving "for an order compelling disclosure or discovery", the parties must certify that they have "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." Civ. L.R. 37-1(a). Moreover, this court's standing orders require that, "[i]f meeting and conferring by email, letter, or phone call proves unsuccessful in resolving a discovery dispute, the parties must confer face-to-face by videoconference before seeking relief from the court." Judge Phyllis J. Hamilton Standing Order Regarding Discovery Disputes, Protective Orders, and ESI Orders, Order 1.

**B.     Analysis**

The parties present a discovery letter that consists of two essential disputes: defendants are admittedly late in performing their discovery obligations; and plaintiff admittedly issued discovery requests that seek information unlimited by its own customer list. For this, plaintiff seeks six remedies: (1) an order extending the deadline for Bayside to conduct discovery, and certain other deadlines to be modified; (2) an order requiring RecruitGigs to respond to certain discovery without objections; (3) an order for attorneys' fees and costs related to participating in a settlement conference; (4) an order for

attorneys' fees and costs related to the joint discovery letter brief; (5) an order holding defendants in contempt; and (6) an order to show cause.

Regarding plaintiff's first request, defendant RecruitGigs does not dispute that plaintiff propounded discovery on February 28, and that it failed to respond within 28 days as ordered by the court. See Dkt. 51. Rather, RecruitGigs argues that defense counsel did not receive the discovery requests because "it probably got caught up in the spam filter" and was deleted without being seen by a human. Dkt. 59 at 3. As both parties agree that defendant—regardless of the underlying cause—failed to meet its deadline with respect to discovery plaintiff propounded on February 28, 2023, and because such document discovery has follow-on effects (for example concerning depositions), an extension of plaintiff's fact discovery deadline is appropriate. Because modification of the case schedule in line with the parties' stipulation and proposed order (Dkt. 60) can cure any prejudice, the court declines to issue sanctions.

Second, plaintiff seeks an order requiring RecruitGigs to provide substantive responses to all re-issued production requests without objection. While the parties agree that plaintiff has largely complied with the court's order requiring temporal limitations, they also agree that plaintiff has failed in some instances to "also limit its discovery requests to seek information regarding customers on its own previous and current customer lists." Dkt. 51 at 3; see Dkt. 59 Ex. 1, at ECF p. 3 (recognizing that multiple requests are not limited to Bayside's customers). In its January 31, 2023 discovery order, the court reasoned that "[u]pon completion of discovery related to customers on plaintiff's own customer lists, plaintiff may then pursue additional discovery following review of the first round of discovery obtained." Id. at 4. Plaintiff has failed to so restrict its requests at least in RFP Nos. 1 (seeking "all DOCUMENTS RELATING TO DIMANNO during the RELEVANT PERIOD"), 14 (seeking "all market studies, marketing presentations, and any other DOCUMENTS REALTING TO the demand for OUR business's services during the RELEVANT TIME PERIOD"), and 31 (seeking "all COMMUNICATIONS RELATING TO all YOUR employees and potential employees hired during the RELEVANT TIME

4

PERIOD").

Plaintiff may re-issue discovery requests to include such limitations, and defendants must respond within 14 days of receipt of the discovery requests, providing either (1) complete responses to specific requests, (2) deadlines by which plaintiff should expect to receive the complete responses to specific requests, or (3) partial responses with specific (not boilerplate) objections and explanations as to why the responses are incomplete.

Third, plaintiff seeks sanctions, attorneys' fees, and costs for various reasons. Plaintiff seeks fees and costs related to participating in a settlement conference, arguing that the conference did not result in a settlement of the action because defendant did not complete its response to certain discovery requests in time.  The court finds plaintiff's argument speculative at best.  Settlement conferences may resolve an action (or not) at various stages of litigation, and there is never any guarantee that a settlement conference will resolve any particular action.  Concerning plaintiff's other requests, the court finds no sanctions are warranted as defendants' discovery delays can be cured by modifying the case schedule.  Moreover, plaintiff also bears responsibility for defendants' delay given its failure to modify discovery requests in accordance with the court's January 31, 2023 order.  Accordingly, all requests for fees, costs, and sanctions are DENIED.

However, plaintiff is prescient in raising the issue of sanctions concerning the parties' discovery practices in this action.  All parties have failed to comply with mandatory procedures regarding discovery disputes submitted to this court.  Prior to moving "for an order compelling disclosure or discovery", the parties must certify that they have "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues."  Civ. L.R. 37-1(a).

5

When proceeding before this court, certifying a good faith conference requires that "*the parties must confer face-to-face by videoconference before seeking relief from the court*." Judge Phyllis J. Hamilton Standing Order Regarding Discovery Disputes, Protective Orders, and ESI Orders, Order 1 (emphasis added).  If videoconferencing is not preferred, the parties may alternatively confer face-to-face in person.

The parties to this action have submitted two discovery letter briefs without complying with this court's orders.  See Dkt. 50 at 1 n.1 ("counsel for Defendant chose not to turn on his camera"); Dkt. 59 (no certification of face-to-face meeting).  The requirement to meet face-to-face is not pro forma.  The parties are on notice that filing another discovery letter brief without first meeting and conferring in a manner complying with the rules governing practice before this court risks monetary sanctions.

**IT IS SO ORDERED.**

Dated:  May 16, 2023

_____
PHYLLIS J. HAMILTON
United States District Judge