UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAYSIDE SOLUTIONS, INC., <br> Plaintiff, <br> v. <br> ANTONIO AVILA, et al., <br> Defendants. | Case No. 21-cv-08738-PJH <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 63 |

Before the court is a joint discovery letter brief summarizing certain discovery disputes between the parties. Having read the parties' submission and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

## BACKGROUND

This is a trade secret dispute in which plaintiff Bayside Solutions, Inc., alleges that its former employee, Antonio Avila, stole Bayside's valuable trade secret information from Bayside to the benefit of defendant RecruitGigs, the company of Antonio's brother, Armando Avila. The trade secrets are primarily customer lists, marketing materials, contacts at potential customers, and related information. The court entered the district's standard protective order. Dkt. 43.

On January 27, 2023, the parties filed a discovery letter brief. Dkt. 50. Plaintiff complained that defendant failed to provide timely or complete responses to requests for production and interrogatories. Defendant responded that plaintiff's discovery requests were overbroad, disproportionate to the needs of the case, and designed to obtain

defendant's own trade secret information.

On January 31, 2023, the court issued an order regarding the discovery letter. Dkt. 51. The court found that both sides deserved some blame for the stalemate. Defendants improperly withheld discovery responses, and plaintiff overreached by demanding discovery disproportionate to the demands of the dispute. Id. at 2. Defendant was improperly withholding documents based on confidentiality, even though the protective order resolved those concerns. Plaintiff overreached by seeking "the entirety of defendant's business records and its projections of future business, including revenues and costs." Id. at 3. The court ruled that "Plaintiff must also limit its discovery requests to seek information regarding customers on its own previous and current customer lists. . . . Upon completion of discovery related to customers on plaintiff's own customer lists, plaintiff may then pursue additional discovery following review of the first round of discovery obtained." Id. at 3–4.

On February 28, 2023, Bayside served re-issued discovery requests on RecruitGigs by email. Defendant objected where plaintiff's requests were not limited to plaintiff's own customer lists.

On April 24, 2023, the parties filed a joint discovery dispute letter. Plaintiff argued that defendant was late in its responses and impermissibly objected to many requests as outside the scope of the court order. Defendant argued that plaintiff's re-issued discovery did not comply with the court's most recent order because it did not limit requests to its own customer list as previously ordered by the court.

On May 16, the court issued an order regarding the parties' April 24 discovery letter. Dkt. 62. The court ruled that, pursuant to the court's January 31, 2023 discovery order, plaintiff needed to first complete discovery with respect to its own customer list before pursuing additional discovery outside the scope of that list.

On June 20, 2023, the parties filed the instant discovery letter brief. The parties have resolved all issues other than those relating to non-party Human Bees, Inc.

///

**DISCUSSION**

A.  **Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides a broad definition of relevance for purposes of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  "Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." Id.  The party resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

B.  **Analysis**

The parties dispute the extent of discovery defendant must produce related to non-party Human Bees.  Plaintiff seeks extensive amounts of information from defendant related to Human Bees, including Request for Production 34:  "All DOCUMENTS not already requested RELATING TO HUMAN BEES during the RELEVANT TIME PERIOD."  Mot. at 3.  Defendant argues that he need not respond to plaintiff's discovery requests seeking materials related to Human Bees for three reasons:  (1) the court has already addressed this issue, and plaintiff is improperly seeking reconsideration; (2) the Human Bees materials are not relevant; and (3) producing the materials would violate the protective order in the Human Bees case.

First, the court has not previously ruled on this issue.  The court has issued two previous discovery orders, neither of which addresses discovery related to Human Bees directly.  The first one, on January 31, 2023, found that "Plaintiff is entitled to discovery of . . . information regarding defendant's business practices, hiring, revenues, and ownership."  Dkt. 51 at 2.  The order then highlighted some particularly broad requests, for example those seeking "all documents relating to all your customers and potential

3

customers", and imposed some limits. Striking a balance, the court ruled that "Plaintiff must also limit its discovery requests to seek information regarding customers on its own previous and current customer lists. . . . *Upon completion of discovery related to customers on plaintiff's own customer lists, plaintiff may then pursue additional discovery following review of the first round of discovery obtained.*" Id. at 3-4 (emphasis added).

The second order on May 16, 2023 did not consider Human Bees materials at all, and instead re-stated the court's January 31, 2023 order by requiring plaintiff to limit discovery requests to its own customers in the first instance and reaffirming that "[u]pon completion of discovery related to customers on plaintiff's own customer lists, plaintiff may then pursue additional discovery following review of the first round of discovery obtained." Dkt. 62 at 4.

Those orders explicitly contemplated plaintiff later seeking tailored discovery related to non-parties who are not on its customer list, like Human Bees.

Second, certain discovery requests concerning Human Bees seek relevant information in proportion to the needs of the case. Defendant Antonio Avila argues that information related to Human Bees could only concern his brother, as the Human Bees action alleges that Armando Avila misappropriated Human Bees's trade secrets. But plaintiff alleges that Armando took Human Bee's trade secrets when he formed RecruitGigs (FAC ¶¶ 37–47), and those allegations relate to Bayside's fourth cause of action for conspiracy. See FAC ¶¶ 9–11, 42, 47, 80–82. Namely, plaintiff alleges that the Avila brothers acting together have engaged in a course of conduct and formulated and executed a plan to steal trade secrets from multiple companies and start a competing company. Given the allegations and causes of action in the operative complaint, the court finds that materials related to Human Bees sought by discovery requests like Interrogatories Number 1 and 2 are relevant and proportional to the needs of the case.

However, defendant separately argues that Request for Production 34 is overbroad, as it seeks "All DOCUMENTS not already requested RELATING TO HUMAN BEES during the RELEVANT TIME PERIOD". The court agrees that RFP 34 is

overbroad and not reasonably tailored to the needs of the case.

Defendant also argues that many materials plaintiff seeks are publicly available and that some are protected by privilege. The fact that materials are publicly available does not by itself shield a party from producing them in litigation, and that argument does not allow defendant to avoid producing responsive materials. Additionally, the fact that some materials response to a discovery request are privileged does not justify failing to respond to the entire request.

Third, defendant argues that a protective order in another action requires that he withhold materials responsive to properly-propounded discovery requests in this action. The court is encouraged by the parties' submission that they may obtain a stipulation permitting discovery to be shared with counsel in this case. Alternatively, plaintiff may proceed without the court's prior approval pursuant to Federal Rule of Civil Procedure 45, subject to Human Bees' ability to move to quash or modify any Rule 45 subpoena.

**IT IS SO ORDERED.**

Dated:  June 28, 2023

PHYLLIS J. HAMILTON
United States District Judge